IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WELLS FARGO BANK, N.A., as successor by merger to Wachovia Bank, National Association, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| THE ESTATE OF CHARLES E. MCNEIL, SR., and MCNEIL AND RAST, LTD., | ) ) ) ) |
| Defendants. | ) |

Civil Action 1:10-cv-00143

**ORDER DISCHARGING AND RELEASING RECEIVER
AND TERMINATING RECEIVERSHIP EFFECTIVE IMMEDIATELY
PRIOR TO CLOSING OF SALE OF PURCHASED ASSETS**

This matter is before the Court on Consent Motion to Terminate Receivership and Discharge and Release Receiver Effective Immediately Prior to Closing of Sale of Receivership Property (the "Motion") filed by Wells Fargo Bank, N.A., successor by merger to Wachovia Bank, National Association ("Wells Fargo"). Unless otherwise apparent from the context, all capitalized terms used herein and not defined shall have the meanings ascribed to them in the Motion. Based upon the pleadings of record, the consent of the parties, all other matters brought before the Court, and for good cause shown, the Court has determined that the Motion is due to be granted. Upon due deliberation and sufficient notice, it is hereby **ORDERED, ADJUDGED and DECREED** that:

1

1. The Motion is **GRANTED** as provided herein.

2. The Receiver and MLRP are authorized to execute any and all documents necessary to dispose, transfer, and convey the Purchased Assets in accordance with the terms of the Purchase Agreement.

3. As soon as practicable after September 29, 2011, but no later than October 13, 2011, Wells Fargo shall notify the Court whether the Sale shall have closed or failed to close.

4. If the Sale shall have failed to Close, the Receiver shall continue to as Receiver of the Mortgaged Property, uninterrupted, pursuant to the Receiver Order, pending further order of the Court.

5. If the Closing of the Sale shall have occurred, the receivership established by the Receiver Order (the "Receivership") shall be deemed to have terminated immediately prior to the Closing of the Sale, and the following provisions of this Order shall govern:

    A. With the exception of cash and cash equivalents in the possession or control of the Receiver related to the Receivership (the "Receivership Cash"), the Receiver's right to possession of the Mortgaged Property, and the Receiver's authority to manage, operate and control the Mortgaged Property, shall terminate at Closing, subject to the

Receiver's duty to wind up the affairs of the receivership estate and to facilitate consummation of the Sale of the Purchased Assets.

B.  The Receiver shall deliver possession of the Purchased Assets to the Purchaser at Closing.

C.  The Receiver is relieved of any further obligation with respect to the Mortgaged Property, save and except for the activities as described herein and in the Purchase Agreement.

D.  The Receiver shall file his final accounting and report (the "Final Report") within forty-five (45) days from the date of the Closing of the Sale and shall deliver a copy of the same to Wells Fargo, the Purchaser, and the defendants in this action.

E.  If no objections to the Final Report have been received within fifteen (15) days of the filing of such Final Report, without further order the Final Report shall be deemed approved and Jesse D. Slaton and Warren, Averett, Kimbrough & Marino, LLC, shall be fully and forever released and discharged from any and all liability as Receiver of the Mortgaged Property, which said release and discharge shall include, without limitation, any and all claims, cross-claims, counterclaims, causes, damages and actions of every kind and character, and all suits, costs, damages, expenses, compensation and

liabilities of every kind, character and description, whether direct or indirect, known or unknown, disclosed or hidden, in law or in equity, which anyone has or will have against Jesse D. Slaton or Warren, Averett, Kimbrough & Marino, LLC, in their capacity as Receiver, and/or any of their respective agents, representatives, officers, attorneys, professionals, employees or contractors, on account of, arising, or resulting from, or in any manner incidental to, the Receivership, the Mortgaged Property, the Receiver's possession and/or use of the Mortgaged Property, the administration of the Receivership estate, the Sale of the Purchased Assets, and/or any acts or omissions of Jesse D. Slaton or Warren, Averett, Kimbrough & Marino, LLC, in their capacity as Receiver.

F.  The Receiver is hereby directed to pay all fees and expenses of the Receiver and/or the Receiver's counsel in connection with the Receivership from the Receivership Cash, including the Receivership Expenses (as said term is defined in the Consent Letter). After making the payments authorized hereby, and if no objections to the Final Report shall have been received within fifteen (15) days of the date of filing of the Final Report, the Receiver shall turnover to Wells Fargo all Receivership Cash in the Receiver's possession or control

relating to the Receivership and shall close all bank accounts maintained by the Receiver in connection with the Receivership.

G. The termination of the Receivership shall not result in the dismissal of this lawsuit, nor shall the termination of the Receivership constitute a dismissal or adjudication of Wells Fargo's claims for monetary damages against the defendants.

Dated this the 22 day of August, 2011.

s/Kristi K. DuBose
United States District Court Judge